ALD-112                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3357
_____


VANN  L. BAILEY,
                                        Appellant

v.

KEVIN KAUFFMAN, Superintendent; BYRON BRUMBAUGH, Deputy
Superintendent for Facilities Management; SCOTT WALTERS, Deputy Superintendent
for Centralized Services; SERGEANT YOHN, Correctional Officer #2 (C.O. #2) C.O.
LOFFERTY, Correctional Officer #1 (C.O. #1) and S. ELLENBERGER, Hearing
Examiner
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-01458)
District Judge:  Honorable Martin C. Carlson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2022
Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed April 14, 2022)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Vann Lamont Bailey, an inmate at State Correctional Institution – Huntingdon proceeding pro se and in forma pauperis, appeals from the District Court's order granting defendants' motion to dismiss. For the reasons that follow, we will summarily affirm.

I.

In 2019, Bailey filed a civil rights action in the Court of Common Pleas of Huntingdon County, Pennsylvania, against defendants, who removed the case to the District Court for the Middle District of Pennsylvania. In his second amended complaint, which is the operative pleading, Bailey alleged violations of the First, Eighth, and Fourteenth Amendments. Specifically, Bailey alleged as follows: in 2018, defendants searched his property and seized a greeting card he received from his mother, which they tested for drugs using unreliable testing methods and erroneously found to contain the drug suboxone. Bailey was issued misconducts for possession of a controlled substance and possession of contraband. Throughout the disciplinary proceedings, Bailey requested that the greeting card be retested to disprove the presence of suboxone, but his requests were denied. As a result, Bailey was confined to disciplinary custody for 45 days and prohibited from visiting with his mother.[1]

---

[1] In his second amended complaint, Bailey alleged that he lost visitation rights with his "elderly sick mother." See Second Am. Compl., District Ct. ECF No. 49. However, in his response to defendants' motion to dismiss, Bailey referenced "visitation rights with his family." See Response, District Ct. ECF No. 60; see also DOC Policy, District Ct. ECF No. 54-1, p 14 (providing for the suspension of visits for specified time periods for drug possession). Thus, it is not entirely clear whether he challenges the suspension of visitation with his mother specifically or a more general suspension of visitation. In either case, as explained below, Bailey's claims fail.

Defendants filed a motion to dismiss and the District Court granted it, concluding, first, that Bailey failed to state a claim for the violation of his First Amendment right to association because the prison policy restricting visitation served a legitimate penological interest; second, that Bailey failed to state a claim for the violation of his Eighth Amendment rights because placement in disciplinary custody was not a dramatic departure from the accepted standards of confinement conditions; third, that Bailey failed to state an Equal Protection claim where he failed to allege that any particular defendant personally treated him differently than other similarly situated inmates and where there was a rational basis for his treatment; and fourth, that Bailey failed to state a procedural due process claim because he was afforded the required minimum procedural protections and the testing methods satisfied the burden of proof required in a prison disciplinary setting. This appeal follows.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint and, to survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citations and quotation marks omitted). As a pro se litigant, Bailey is entitled to liberal construction of his complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm "on any basis supported by the record" if the appeal

3

does not present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

First, the District Court properly dismissed Bailey's First Amendment claim. An inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Newman v. Beard, 617 F.3d 775, 781 (3d Cir. 2010) (quotation marks and citations omitted). The "freedom of association is among the rights least compatible with incarceration," and "[s]ome curtailment of that freedom must be expected in the prison context." Overton v. Bazzetta, 539 U.S. 126, 131 (2003) (quotation marks and citations omitted). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Bailey complained that his First Amendment right to freedom of association was violated when he was prohibited from visiting with his mother. Such a temporary suspension of visitation with one visitor does not violate "civilized standards of humanity and decency." See Renchenski v. Williams, 622 F.3d 315, 338 (3d Cir. 2010) (quotation marks omitted). Moreover, to the extent that Bailey challenged a more general restriction on visitation, restricting visitation when he was found in possession of controlled substances circumstances "serves the legitimate goal of deterring the use of drugs and alcohol within the prisons" and constitutes "a proper and even necessary management

4

technique to induce compliance with the rules of inmate behavior." Overton, 539 U.S. at 134.

IV.

Next, the District Court properly dismissed Bailey's Eighth Amendment claim. In determining whether prison officials have violated the Eighth Amendment, we apply two-prong test: "(1) the deprivation must be objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities; and (2) the prison official must have been deliberately indifferent to inmate health or safety." Porter v. Pennsylvania Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (cleaned up). "[P]unitive isolation is not necessarily unconstitutional, but it may be, depending on the duration of the confinement and the conditions." Hutto v. Finney, 437 U.S. 678, 685 (1978) (cleaned up).

Bailey does not allege that he was denied any of life's necessities during his time in disciplinary custody. See Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (finding no Eighth Amendment violation where the inmate's segregation was not accompanied by the denial of basic human needs, such as food, clothing, shelter, sanitation, medical care, or personal safety). Nor does he allege that he suffered the infliction of pain or injury, or a deliberate indifference to the risk that it might occur. Bailey's 45 days in disciplinary custody were not a dramatic departure from accepted standards for conditions of confinement for inmates, and instead were typical of the disciplinary housing that a prisoner would reasonably anticipate receiving at some point during his incarceration. See Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002) (explaining that disciplinary

5

detention is the sort of confinement that inmates should reasonably anticipate receiving during incarceration).[2]

## V.

Finally, the District Court properly dismissed Bailey's Fourteenth Amendment claims. First, because Bailey has not alleged membership in a protected class, his equal protection claim must be premised on a "class-of-one" theory, which requires him to allege, at a minimum, "that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008).

Bailey complained that he was intentionally treated differently from other inmates who were charged with controlled substance misconduct because he, unlike the other inmates, was prohibited from procuring a second drug test to confirm or dispute the accuracy of the initial test. To support his claim, Bailey presented affidavits from three inmates who tested positive for marijuana or suboxone via instant urine screen during May 2021 and who were provided a second urine test to verify the results. However, Bailey was not similarly situated with these other inmates: his misconduct occurred about three years before the other inmates' and involved the possession of a greeting card he received in the mail that tested positive for suboxone via a Nark II reagent test, while the

---

[2] To the extent that Bailey alleged an Eighth Amendment violation related to the restriction of his visitation privileges, "[w]ithdrawing visitation privileges for a limited period in order to effect prison discipline is not a dramatic departure from accepted standards for confinement conditions." Overton, 539 U.S. at 127.

other inmates' misconduct involved the use of marijuana or suboxone as identified via a urine screen. Therefore, the District Court properly dismissed this claim.

Bailey also alleged that his due process rights were violated during the disciplinary proceedings because the decision-making body was not impartial and because he was unable to present evidence, including a retest of the greeting card and statements from other inmates who were exonerated after receiving a second drug test.

"To maintain a procedural due process claim, [a plaintiff] must show that: (1) Defendants deprived him of an individual liberty interest that is encompassed within the Fourteenth Amendment's protection, and (2) the procedures Defendants made available to him did not provide due process of law." Steele v. Cicchi, 855 F.3d 494, 507 (3d Cir. 2017).

> A prisoner may be deprived of a liberty interest in violation of the Constitution in two ways: (1) when severe changes in conditions of confinement amount to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing; and (2) when state statutes and regulations create a liberty interest in freedom from restraint that imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, thereby triggering due process protection.

Williams, 622 F.3d at 325 (quotation marks and citation omitted). "[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." Burns v. Pennyslvania Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011).

Here, Bailey's punishment consisted of a 45-day period in disciplinary custody and the suspension of visitation with his mother. These sanctions were insufficient to

7

trigger due process protections. <u>See</u> <u>Smith v. Mensinger</u>, 293 F.3d 641, 653 (3d Cir. 2002) (finding that "confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest"); <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 461 (1989) (concluding that the denial of access to a particular visitor is within the terms of confinement ordinarily contemplated by a prison sentence and thus is not independently protected by the Due Process Clause) (quotation marks and citations omitted). Because Bailey was not deprived of a liberty interest encompassed within the Fourteenth Amendment's protection, the District Court properly dismissed the claim.

VI.

Accordingly, we will affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.